IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE and ANTONIOS PETROHELOS, ) | ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No.08 C 2365 |
| MAURADER CORP. d/b/a CPS INVESTIGATIONS, | ) ) ) ) | Judge Pallmeyer |
| Defendant. | ) | |

**MOTION TO ENFORCE SETTLEMENT**

NOW COME the Plaintiffs, GEORGE and ANTONIOS PETROHELOS, by and through their attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and moves this Honorable Court to enforce the settlement agreement made between the parties. In support of this motion, Plaintiff states as follows:

1. This lawsuit under the Fair Debt Collection Practices Act (15. U.S.C. 1692) was filed on April 25, 2008.

2. Shortly after the filing of the lawsuit, Plaintiff's counsel was contacted by attorney Gary Caplan of Reed Smith. LLC, advising that he represented Defendant and would be appearing on its behalf.

3. At that time, the parties began immediate settlement negotiations which resulted in a settlement agreement. The attached Exhibit A was prepared for the Plaintiff to sign. Plaintiff signed the agreement and returned it to Defendant's counsel.

4. When after a reasonable amount of time no payment was made pursuant to the settlement, Plaintiff's counsel contacted Defendant's counsel to inquire. At that time,

Mr. Caplan advised Plaintiff's counsel that Defendant would not honor the agreement and refused to make the agreed upon settlement payment.

WHEREFORE, Plaintiff, by and through his attorney, respectfully pray that this Honorable Court enforce the settlement agreement entered into between the parties and enter judgment as follows:

1. Defendant shall extinguish any and all claim or right to the collection of the alleged debt that was the subject matter of the lawsuit, and shall not sell, transfer or assign said debt to any other person or entity for the continued collection thereof, nor represent to any potential buyer, transferee or assignee that said debt is collectible.

2. Defendant shall also discontinue the reporting of this debt to any credit reporting agency to whom it regularly reports account information and cause to be deleted any information reported thus far.

3. Defendant shall pay a sum total of $2,000 to Larry P. Smith & Associates, Ltd. as attorneys' fees and court costs.

Respectfully Submitted,
**GEORGE and ANTONIOS PETROHELOS**

By: ___s/Larry P. Smith___
    Attorney for Plaintiffs

**Larry P. Smith & Associates, Ltd.**
205 N. Michigan Ave., 40th Floor
Chicago, IL 60601
Ph.    (312) 222-9028
Fax    (312) 602-3911
e-mail  lsmith@lpsmithlaw.com

# SETTLEMENT AGREEMENT AND RELEASE

**WHEREAS**, there is now pending in the United States District Court for the Northern District of Illinois an action captioned <u>George and Antonios Petrohelos v. Marauder Corp. d/b/a CPS Investigations,</u> Case No. 08 C 2365 in which Plaintiffs allege that Marauder Corp. is liable for, among other things, violations of the Fair Debt Collection Practices Act (the "Lawsuit");

**WHEREAS**, it is the desire of the Parties, without any admission of wrongdoing whatsoever, to resolve all disputes, asserted or unasserted, arising out of, or in any way related to any acts, failures to act, omissions, misrepresentations, facts, events, transactions, occurrences or other matters set forth, alleged, embraced by, or otherwise referred to at any time in the Lawsuit;

**NOW THEREFORE**, in consideration of the Recitals and mutual promises contained herein, and for other good and valuable consideration hereby deemed received, the Parties agree as follows:

## TERMS OF AGREEMENT

1. Marauder Corp. shall forgive and extinguish any and all claim or right to the collection of the alleged debt that was the subject matter of the aforesaid lawsuit, and shall not sell, transfer or assign said debt to any other person or entity for the continued collection thereof, nor represent to any potential buyer, transferee or assignee that said debt is collectible. Marauder Corp. shall also discontinue the reporting of this debt to any credit reporting agency to whom it regularly reports account information and cause to be deleted any information reported thus far. In addition, Marauder Corp. shall pay a sum total of $2,000 to Larry P. Smith & Associates, Ltd. as attorneys' fees and court costs. Petrohelos shall promptly cause the case to be dismissed with prejudice and with no further action to be taken by Defendant.

2.  Except for the rights and obligations created by this Agreement, Plaintiffs for themselves, their heirs, personal representatives, executors, administrators, beneficiaries, trustees, transferees, agents, successors and assigns, hereby release and forever discharges Marauder Corp., its agents, servants, officers, directors, employees, shareholders and representatives, subsidiaries, divisions, affiliates and related companies, from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature, known or unknown, from the beginning of time through the date this Agreement is executed which are based directly or indirectly upon facts, events, transactions or occurrences related to, alleged, embraced by or otherwise referred to at any time or which could have been brought in the Lawsuit.

3.  The Parties hereto further agree that this Agreement has been fully read and understood by them, and that each of them has received independent legal advice from his or its respective attorney(s) as to the effect and import of its provisions. The Parties further agree that this Agreement is being entered into for the express purpose and intention of making and entering into a full and final compromise, adjustment and settlement of all claims which were or could have been asserted in the Lawsuit, whether or not referred to therein.

4.  The Parties agree that this Agreement constitutes a good faith settlement of the Lawsuit and acknowledge that it is entered into freely and voluntarily.

5.  This Agreement constitutes the sole and entire agreement between Plaintiff and Defendant, and supersedes all prior agreements, negotiations, and discussions between the Parties, with respect to the subject matter covered hereby.

6.  The Parties agree that nothing contained in this Agreement and no actions taken herein shall be construed as an admission of any liability or wrongdoing on the part of Marauder Corp.

7. In further consideration for the provisions of this Agreement, the Parties agree to keep the terms and amounts of this Agreement completely confidential and will not hereafter disclose any information concerning this Agreement to any person or entity other than his attorneys and/or tax advisors, except as required by law. Any further communications or disclosures about the dispute, the allegations, the settlement, this Agreement, or the terms and conditions of either, is prohibited. The Parties acknowledge that this confidentiality provision is a material element of this Agreement, that consideration has been given for this provision, the sufficiency and the receipt of which are hereby acknowledged, and that in the event this provision is breached by either Party, the other Party will be irreparably harmed and the breaching Party will be liable for litigation costs, including attorneys' fees and expenses, incurred in any action(s) to enforce this covenant.

8. This Agreement may be executed in counterparts.

IN WITNESS WHEREOF, this Agreement is executed as of the date and year first above indicated.

*[signature]*
George Petrohelos

*[signature]*
Antonios Petrohelos

_____
Representative of MarauderCorp.

Printed Name:

_____